# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA J. BAKER,<br><br>                    Petitioner,<br>     v.<br>DEBORAH L. PATRICK, Warden,<br>                    Respondent. | Civil No.   07cv2163-L (CAB)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

      Petitioner is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On November 15, 2007, the Court denied Petitioner's application to proceed in forma pauperis because it appeared from her prison trust account statement that she could afford to pay the $5.00 filing fee. The Court also dismissed the Petition because it presented only state law claims. Petitioner was instructed that in order to have this case reopened, she had to pay the filing fee and file a First Amended Petition on or before January 14, 2008. Petitioner has now filed a Motion to Proceed In Forma Pauperis and a First Amended Petition.

      The request to proceed in forma pauperis reflects a $16.95 balance in Petitioner's prison trust account. The filing fee associated with this type of action is $5.00. See 28 U.S.C. § 1914(a).

      It appears Petitioner can pay the requisite filing fee. Accordingly, the Court **DENIES** the request to proceed in forma pauperis, and **DISMISSES** the case without prejudice; Petitioner

may submit a copy of this order along with the requisite fee no later than **February 14, 2008**, to have the case reopened.

Additionally, the First Amended Petition is also once again subject to dismissal in accordance with Rule 4 of the rules governing § 2254 cases, because Petitioner has once again failed to state a claim cognizable on federal habeas in that she has failed to allege that her state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). See <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that she is in custody pursuant to a "judgment of a State court," <u>and</u> that she is in custody in "violation of the Constitution or laws or treaties of the United States." <u>See</u> 28 U.S.C. § 2254(a).

Here, Petitioner once again claims that she "was convicted of both receiving and stealing the same property," that "the jury was not instructed that it could not convict me of both stealing and receiving the same property," and "the trial court abused its discretion under Evidence Code 352." (First Amended Petition at 6-8.) In no way does Petitioner claim she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Although Petitioner states that she incorporates by reference her opening brief on appeal as she did in her original Petition, that document is again not attached to her pleading.

Further, the Court once again notes that Petitioner may not be able to simply amend her Petition to state a federal habeas claim and then refile the amended petition in this case. She must exhaust state judicial remedies before bringing her claims via federal habeas. Habeas petitioners who wish to challenge either their state court conviction or the length of their

confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34.  Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated.  The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added).  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir.) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993, cert. denied, 127 S.Ct (2006). However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the First Amended Petition that Petitioner is not presently entitled to federal habeas relief because she has not stated a cognizable claim.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed to satisfy the filing fee requirement and has failed to state a cognizable claim. To have this case reopened, Petitioner must satisfy the filing fee requirement **and** file a Second Amended Petition no later than **February 14, 2008** that cures the pleading deficiencies set forth above. Further, Petitioner is advised that if the Second Amended Petition once again

///
///
///
///
///
///

1 | fails to state a cognizable federal claim, this action will be subject to dismissal without further
2 | leave to amend. The Clerk of Court shall send a blank Southern District of California amended
3 | petition form to Petitioner along with a copy of this Order.

4 | **IT IS SO ORDERED.**

6 | DATED: January 14, 2008

M. James Lorenz
United States District Court Judge

CC:        ALL PARTIES